**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**JESSIE W. BOYINGTON,**

**Plaintiff,**

**vs.** **CASE NO. 1:08CV112-SPM/AK**

**CAROLYN C. PATTERSON, et al,**

**Defendants.**

**_____________________________/**

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S..C. §1983 against private employers and private businesses for allegedly making fraudulent representations to Plaintiff regarding workers compensation and insurance. (Doc. 1). While the Court can appreciate the gravity of the situation Plaintiff describes, a traumatic injury at work resulting in serious injury and hospital bills, the nature of the claims made should be brought in state court since Plaintiff has alleged no federal or constitutional issues. According to the complaint, Plaintiff was hired by Defendant Palmer C. Hodge, a subcontractor for Defendant Dean Fowler, to build a house for Defendant Carolyn Patterson. He fell and was serious injured and discovered that none of these defendants carried workers compensation or insurance. Allegedly Defendant Hodge attempted to settle with Plaintiff by transferring some property to him, that Plaintiff

alleges he did not own. Plaintiff does not explain why he is suing Ace Hardware or Suwanee Lumber Company/Florida Forestry Material Suppliers.

A district court should review subject matter jurisdiction sua sponte, and shall dismiss an action "whenever it appears" that the court lacks subject matter jurisdiction. Rule 12(h)(3), Federal Rules of Civil Procedure; Blue Cross & Blue Shield of Alabama, 138 F.3d 1347 (11th Cir. 1998); and Bell v. Hood, 327 U.S. 678 (1946). Plaintiff alleges that the incidents of which he complains violate his due process and equal protection rights. However, such constitutional violations do not apply to private citizens or corporations unless they act under color of state law. See Smartt v. First Union National Bank, 245 F.Supp.2d 1229, 1233 (MD Fla. 2003). Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint

participant in the enterprise. Rayburn, etc. v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this ***23rd*** day of September, 2008.

***s/ A. KORNBLUM***
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**